FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ DEC 21 2006 ★
P.M _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ONLINE BENEFITS, INC.,

    Plaintiff,

- against -

BENEFITS TECHNOLOGY GROUP, INC. and
BENEFITS TECHNOLOGY GROUP, LLC,

    Defendants.
----------------------------------------X

DECISION and ORDER

2:05-cv-04748-ENV-MLO

VITALIANO, D.J.

Plaintiff Online Benefits, Inc. brought this action against defendants Benefits Technology Group, Inc. and Benefits Technology Group, LLC on October 7, 2005, alleging that defendants stole plaintiff's copyrighted materials and business model. Before this Court is a Report and Recommendation that defendants' answers be stricken and counterclaims dismissed. For the reasons stated below, this Court adopts the Report and Recommendation.

**Procedural History**

Defendants answered the complaint on November 17, 2005 through counsel. Chief Magistrate Judge Michael L. Orenstein conducted an initial conference on January 31, 2006 and set the schedule for discovery and dispositive motions. On defendants' motion, Chief Magistrate Judge Orenstein extended the time to complete discovery on June 27, 2006. Plaintiff filed an amended complaint on July 28, 2006, and defendants answered on August 15, 2006. Counsel for defendants moved to withdraw as counsel without objection on September 15, 2006. Chief Magistrate Judge Orenstein granted the motion and stayed this matter for 30 days to allow

defendants to retain new counsel. At the request of plaintiff, Chief Magistrate Judge Orenstein held a status conference on October 31, 2006 and warned defendants that counsel had to appear for them in this action and that the failure to appear through counsel could lead to a report and recommendation to strike defendants' answers and to dismiss the counterclaims.[1] Magistrate Judge Orenstein warned defendants again one day before the next conference to retain counsel. Nevertheless, defendants failed to appear through counsel or otherwise at the status conference scheduled for November 30, 2006 and neither notified the Court that they would not appear nor offered any explanation for their absence.

## Chief Magistrate Judge's Report and Recommendation

After defendants failed to appear for the November 30, 2006 conference, Chief Magistrate Judge Orenstein issued a report and recommendation that the defendants' answers be stricken and their counterclaims dismissed.

## Defendants' Objections

On December 7, 2006, Chief Magistrate Judge Orenstein received a letter from Mr. Joseph D. Markland, who identifies himself as the past president and Board Member of defendant Benefits Technology Group and a minority shareholder in same. In his letter, Mr. Markland represents that defendant Benefits Technology Group "is trying to use remaining

---

[1] A review of defendants' answers to plaintiff's amended complaint reveal no counterclaims. In response to plaintiff's first complaint, defendant Benefits Technology Group, Inc. did assert counterclaims, however.

2

revenue to pay off it's [sic] debts to avoid bankruptcy" and that requiring defendants to retain counsel would put him "in the position of having to either pay off rightly due creditors or pay lawyers to defend this case." Mr. Markland concludes: "If a lawyer is required to move forward then [Benefits Technology Group] can not [sic] defend itslef [sic] or continue to puruse [sic] it's [sic] countersuit against Online Benefits." The Court will treat Mr. Markland's letter as objecting to Chief Magistrate Judge Orenstein's Report and Recommendation for both defendants.[2]

## Discussion

A.  <u>The Standard of Review</u>

Section 636(b)(1), Title 28 United States Code provides for "a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In so doing, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). <u>See also</u> Fed. R. Civ. Pro. 72(b). A <u>de novo</u> determination does not, however, require a <u>de novo</u> hearing. <u>See</u> <u>U.S. v. Raddatz</u>, 447 U.S. 667, 674 (1980). <u>See also</u> <u>Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.</u>, 973 F.2d 1033, 1045 (2d Cir. 1992) (holding that district court could reject magistrate's finding of good faith without receiving additional evidence). A " '[d]e <u>novo</u> determination' in this context has been interpreted to require a review of the magistrate's

---

[2] The Court has received no independent response to Magistrate Judge Orenstein's Report and Recommendation from defendant Benefits Technology Group, LLC.

proposed findings and an exercise of sound judicial discretion with respect to whether reliance should be placed on those findings; the reviewing court is not obligated to rehear the testimony adduced at the hearing." American Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 1981) (citing Raddatz), aff'd 697 F.2d 287 (2d Cir. 1982), cert. denied 459 U.S. 858 (1982). The district court may not rely exclusively on the report and recommendation of the magistrate and must conduct a de novo review of the evidence itself and "arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made." Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983). The final determination rests with the district judge. See Raddatz, 447 U.S. at 676, 680-81.

To that end, a district judge "may also receive further evidence" beyond that presented to the magistrate judge. See 28 U.S.C. § 636(b)(1)(C). Whether or not to receive additional evidence is within the discretion of the district judge. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998), cert. denied, 525 U.S. 907 (1998); Morris v. Amalgamated Lithographers of America, 994 F.Supp. 161, 163 (S.D.N.Y. 1998) ("[T]he statute is permissive, not mandatory."). Several considerations, however, weigh against the submission of further evidence as a general rule after a Report and Recommendation has been rendered including, but not limited to, discouraging the piecemeal presentation of evidence, duplicative pleadings, and the careless preparation of the initial pleadings. See Hynes, 143 F.3d at 656; U.S. Fidelity & Guaranty Co. v. J. United Electrical Contracting Corp., 62 F.Supp.2d 915, 917-18 (E.D.N.Y. 1999); Morris, 994 F.Supp. at 163.

B. <u>The Requirement of Counsel for Corporate Litigants</u>

Section 1654, Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." As the Supreme Court noted in <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 201-02 (1993), however: "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." See cases collected therein. <u>See</u> also <u>Jones v. Niagara Frontier Transportation Authority</u>, 722 F.2d 20, 22 (2d Cir. 1983) ("Since, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts."); <u>SEC v. Research Automation Corp.</u>, 521 F.2d 585, 589 (2d Cir. 1975) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F.R.Civ.P.") (internal citation omitted); <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426, 427 (2d Cir. 1967) ("In addition, it is settled law that a corporation cannot appear other than by its attorney.").

Caselaw is clear that artificial entities like corporations, which can only act through agents, cannot appear <u>pro se</u>. Mr. Markland's argument that defendants cannot afford to retain counsel is regrettable but not germane. What is relevant is that Mr. Markland is not a licensed attorney. Regardless of the position he held or holds in the defendant companies, Mr. Markland cannot represent them before this Court.

## Conclusion

The Court, having reviewed <u>de</u> <u>novo</u> the moving and opposition papers, the record, and Chief Magistrate Judge Orenstein's Report and Recommendation, determines, for the reasons stated above, that the Report and Recommendation of Chief Magistrate Judge Orenstein is adopted. Accordingly, defendants' answers are stricken and any counterclaims are dismissed. This Order is stayed, however, for a period of 30 days following the filing by plaintiff of proof of service of a copy of this Decision and Order upon each defendant and upon Joseph D. Markland to permit defendants to retain counsel *and* for counsel to appear in this action. If counsel fails to appear within the time prescribed, the Order shall take effect without further notice or motion. If counsel timely files an appearance, the answers and counterclaims shall be reinstated without further notice or motion.

SO ORDERED

DATED: Brooklyn, New York
December 20, 2006

/S/ Hon. Eric N. Vitaliano
_____
ERIC N. VITALIANO
U.S.D.J.